# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANASTASIA NEDD ALLEN** | * | CASE NUMBER: 20-CV-304 |
| **VERSUS** | * | JUDGE: ASHE |
| **LOUIS DEJOY, UNITED STATES POSTMASTER GENERAL** | * | MAGISTRATE: NORTH |

******************************************************************************

## STATEMENT OF CONTESTED MATERIAL FACTS

**NOW INTO COURT** through undersigned counsel comes plaintiff Anastasia Nedd Allen who pursuant to Local Rule 56.2, submits the following statement of contested material facts in support of her opposition to Defendant's motion for summary judgment.

1. Plaintiff timely filed an EEO complaint against USPS alleging that she was terminated because of her age, her marital status, her disability, and related hostile work environment (EEO Case No. 4G-700-0163-18).[1]

2. USPS, through its agent and employee Station Manager Joseph Porche, agreed to mediate the dispute with Plaintiff.[2]

3. The parties mediated their dispute in November 2018.[3]

4. USPS, through its agent and employee Station Manager Porche, agreed to reinstate Allen to her former position as a City Carrier Assistant at Central Station, subject to a renewed 90- day probationary period, in exchange for Allen voluntarily dismissing her EEO claim

---

1 R. Doc. 1 at ¶ 50.
2 R. Doc. 1 at ¶ 51.

3 R. Doc. 1 at ¶ 52.

1

againstUSPS, and Ms. Allen agreed.[4]

5. Facts regarding Plaintiff's prior EEO activity in 2018 were included in her second EEO complaint to the extent Plaintiff alleged she was terminated and denied employment in retaliation to her prior EEO activity.[5]

6. Plaintiff's 30-day evaluation was conducted on January 26, 2019, approximately 49 days after the December 8, 2018, start date of her second probationary period.[6]

7. At that time, Plaintiff's probationary work was satisfactory, but her supervisors issued her unsatisfactory evaluations for the pretextual purpose of eventually terminating her because of her age and in retaliation against her for engaging in her prior, protected EEO activity.[7]

8. At that time, Plaintiff's supervisors did not identify her alleged deficiencies with any specificity but presented them in vague and generalized terms; they did not provide her with constructive criticism, tell her she needed improvement, or offer additional training and support.[8]

9. Plaintiff's 60-day evaluation was conducted on February 16, 2019, approximately 21 days after her first 30-day evaluation and less than the required 30 days between evaluations.[9]

10. Plaintiff's probationary work was satisfactory, but her supervisors issued her unsatisfactory evaluations for the pretextual purpose of eventually terminating her because of her age and in retaliation against her for engaging in her prior, protected EEO

---

[4] R. Doc. 1 at ¶ 53.

[5] *Id.* at ¶¶ 50-53, 56, 58. *See also* Plaintiff's PS Form 2569-A EEO Investigative Affidavit attached as Exhibit 7.
[6] Affidavit of Anastasia Allen attached as Exhibit 1, p. 10 ¶ G.6.
[7] R. Doc. 1 at ¶ 64.
[8] Exhibit 1, p. 2, ¶ A.4.
[9] Exhibit 1, p. 11, ¶ G.8.

activity.[10]

11. At that time, Plaintiff's supervisors did not identify her alleged deficiencies with any specificity but presented them in vague and generalized terms; they did not provide her with constructive criticism or offer additional training and support.[11]

12. Plaintiff's work performance was satisfactory and unworthy of termination;[12] it was also consistent with USPS policy, procedures, and practice.[13]

13. Plaintiff's Station Manager, Joe Porche, used Plaintiff's alleged deficiencies of failing "to perform work which meets the expectations of the position," failing "to accomplish tasks in an efficient and timely manner," and failing "to work at a sufficient speed to keep up with the amount of work required by the position" as manufactured, pretextual justifications to terminate Plaintiff's employment because of her age and in retaliation against her for her prior protected EEOcomplaints (Case Nos. 4G-700-0163-18 and 4G-700-0049-19).[14]

14. Joe Porche was the official responsible for terminating Plaintiff's employment on February 26, 2019. Porche, with the assistance Lagrue and Martin, used Plaintiff's alleged unsatisfactory work performance as pretextual justifications to terminate her employment because of her age and in retaliation for her prior EEO activity.[15]

15. Lagrue was aware of Plaintiff's EEO activity at the time Plaintiff's employment was terminated and therefore Plaintiff's EEO activity was a factor in the termination of her employment.[16]

---

[10] R. Doc. 1 at ¶ 66.
[11] Exhibit 1, p. 11, ¶ G.11.
[12] R. Doc. 1 at ¶ 68.
[13] Exhibit 1, p. 10, ¶ F.18.
[14] R. Doc. 1 at ¶¶ 67-69.
[15] Exhibit 1, p. 7, ¶ F.1.
[16] Exhibit 1, p. 8, ¶ F.10.

3

16. Plaintiff's supervisors did not advise her that her work performance was not meeting expectations during her evaluations, and they did not train her following her alleged unsatisfactory evaluations.[17]

17. Plaintiff had no deficiencies including poor scanning, clock ring errors and delays with delivering the mail.[18]

18. Lagrue never tried to help Plaintiff with any alleged deficiencies and did not provide her with training, coaching, or counseling.[19]

19. Lagrue did not give Plaintiff opportunities to improve during her probationary period; she and Porche, through action and omission, set Plaintiff up to fail so Porche could terminate her for pretextual reason of poor performance.[20]

20. Plaintiff was not combative with any supervisor or management official with the USPS.[21]

21. During Plaintiff's evaluations, Martin did not identify areas where Plaintiff was deficient, provide constructive feedback or offer to train or counsel Plaintiff so that she could improve. Instead, Martin criticized Plaintiff about things which had nothing to do with her evaluation or performance.[22]

22. Martin did not do street observations or other forms of evaluation with Plaintiff, so she did not have firsthand knowledge of Plaintiff's work performance for her to be able state that it was not meeting expectations.[23]

23. Martin was not Plaintiff's supervisor because she was not assigned to Plaintiff's zone. Because she was not Plaintiff's supervisor, she did not discuss Plaintiff's work

---

[17] Exhibit 1, p. 2, ¶ A.4.
[18] Exhibit 1, p. 7 at ¶ F.2 and p. 8 at ¶ F.5.
[19] Exhibit 1, p. 2 at ¶ A.4 and p. 8 at ¶ F.6.
[20] Exhibit 1, p. 3, ¶ B.12.
[21] Exhibit 1, p. 3, ¶ B.7.
[22] Exhibit 1, p. 10, ¶ G.3.
[23] *Id.*

4

performance during the two evaluations.[24]

24. Martin was aware of Plaintiff's EEO activity because Plaintiff because she named Martin in her EEO charge.[25]

25. The only two CCA positions at a post office in Metairie that Plaintiff applied to and was interview for were Job Posting No. 10242872 and Job Posting No. 10292967.[26]

26. Porche either learned of Plaintiff's application to the Metairie station or was contacted by officials from the Metairie station regarding Plaintiff's application for were Job Posting No. 10242872.[27]

27. Porche gave Postmaster McFall or other decision-makers at Metairie station negative performance evaluations about Plaintiff, that were untrue, for the discriminatory, retaliatory, and pretextual purpose of ensuring that she would not be selected for the Metairie position.[28]

28. Plaintiff was fully qualified for the position at the Metairie station.[29]

29. Postmaster McFall did not select Ms. Allen for the position at Metairie station either because of her age, in retaliation against Ms. Allen because of her prior EEO activity, or both.[30]

30. Plaintiff interviewed with Postmaster Alisa Leonard for a position at the Marrero post office branch on April 26, 2019.[31]

31. Postmaster Leonard's decision not to hire Plaintiff was based on false and misleading

---

[24] *Id.*
[25] Exhibit 1, p. 10, ¶ G.2.
[26] R. Doc. 1 at ¶¶ 72, 93.
[27] *Id.* at ¶ 76.
[28] *Id.* at ¶ 77.
[29] *Id.* at ¶ 79.
[30] *Id.* at ¶ 81.
[31] R. Doc. 1 at ¶¶ 84-85.

information concerning her job performance, alleged deficiencies, personal conduct, and qualifications and fitness as a CCA which was given to her by Porche and Lagrue in retaliation for Plaintiff's filing an EEO complaint against them.[32]

32. Leonard selected Brene Muhammad for the Marrero position instead of Plaintiff.[33]

33. Brene Muhammad is under 40 years of age.[34]

34. Leonard states she was not aware of Plaintiff's EEO activity,[35] but then states that Brene Muhammad did not have a prior EEO.[36]

35. Plaintiff's PS Form 50 Notification of Personnel Action dated March 22, 2019, shows that "Termination (Noncareer) as the nature of the personnel action.[37]

36. Plaintiff was not hired for the second CCA position (Job Posting No. 10292967) at the Metairie Station because of her EEO activity.[38]

37. When Plaintiff interviewed for the first Metairie job opening (No. 10242872), she informed Manager Taylor that she had filed an EEO complaint and that she had been terminated from the USPS during her first 90-day probationary period in July 2018.[39]

38. Plaintiff did voluntarily disclose her employment status to Manager Taylor during a phone call with him shortly after she was terminated in February 2019. She also put information about her employment status on her application.[40]

39. Postmaster McFall never interviewed Plaintiff or ever asked her about her USPS

---

[32] Exhibit 1, p. 5, ¶ D.3.
[33] R. Doc. 1 at ¶ 7.
[34] Exhibit 1, p. 5, ¶ D.1.
[35] R. Doc. 59-10 at ¶ 4.
[36] *Id.* at ¶ 7.
[37] *See* Plaintiff's PS Form 50 Notification of Personnel Action from March 22, 2019, attached as Exhibit 6.
[38] R. Doc. 1 at ¶¶ 96, 98, 101. *See also* Exhibit 1, pp. 5-6, ¶¶ E.1-E.2.
[39] Exhibit 1, p. 4, ¶ C.3.
[40] *Id.* at pp. 4-5, ¶ C.4.

employment.[41] Plaintiff never interviewed with McFall, nor did she speak with him during the interview process. Therefore, she did not tell him that she was working for the USPS in New Orleans.[42]

40. McFall was aware of Plaintiff's EEO activity because she had voluntarily disclosed it during her interview for the first Metairie job to Manager Chad Taylor, who as the designee for interviews, would have given Plaintiff's interview notes to McFall.[43]

41. McFall was also aware of Plaintiff's EEO activity because he told her that he had rescinded the job offer for the second Metairie job opening (No. 10292967) due to her EEO activity in a conversation they had in May 2019.[44]

42. Segura rescinded Plaintiff's job offer because of Plaintiff's prior EEO charges.[45]

43. When Plaintiff's job offer was rescinded, Segura was aware of Plaintiff's EEO activity because on she informed Plaintiff that she had rescinded the offer because Plaintiff was "at war" with USPS because of her prior EEO charges.[46]

**[THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

---

[41] *Id.*
[42] *Id.*
[43] Exhibit 1, p. 4, ¶ C.3.
[44] *Id.* at p.4, ¶ C.1.
[45] *Id.* at p. 5, ¶ E.1.
[46] *Id.*

Respectfully submitted,


    /s/ Leonor E. Prieto
Bruce C. Betzer, Bar No.: 26800
*The Law Office of Bruce C. Betzer*
**A Professional Limited Liability Company**
3129 Bore Street
Metairie, Louisiana 70001
Telephone: (504) 832-9942
Facsimile: (504) 304-9964
Email:  bruce@brucebetzer.com

Leonor E. Prieto, Bar No.: 31530
Prieto Law Firm, LLC
110 Veterans Memorial Blvd., Ste. 200A-2
Metairie, Louisiana 70005
Telephone: (504) 408-1309
Facsimile: (877) 935-4842
Email: lee@prietolawfirmllc.com
*Attorneys for plaintiff Anastasia Nedd Allen*